O’BRIEN, Circuit Judge,
concurring.
Although the parties have argued more broadly, the principal issue presented by this case is narrow — whether an untimely petition to reopen or to reconsider, as it relates to an Immigration Judge (IJ), is subject to the post-departure bar found in 8 C.F.R. § 1003.23(b)(1). That issue was resolved to my satisfaction by the Fifth Circuit in Ovalles v. Holder, 577 F.3d 288 (5th Cir.2009). In addressing Ovalles’ argument that the post-departure bar, as it relates to the Board of Immigration Appeals (BIA), was at odds with 8 U.S.C. § 1229a(c)(6)(A) and (c)(7)(A) [providing an alien the right to file one motion to *1161 reopen or to reconsider], the court said “Ovalles invokes statutory provisions that offer him no relief,” Id. at 295, because his motion to reopen or reconsider was considerably out of time.[1]
The same is true here; a timely motion to reopen or reconsider is not before us. Rosillo-Puga did not file his motion to reopen and/or reconsider until 3years after his removal,[2] well beyond the 30 and 90 day time limits provided by statute. See 8 U.S.C. § 1229a(c)(6)(A), (7)(A) (absent circumstances not present here, see 8 U.S.C. § 1229a(e)(7)(C)(ii)-(iv), a motion to reconsider and a motion to reopen must be filed within 30 days and 90 days, respectively, of the date of entry of the removal order).
And we need not be distracted by worrying whether the time limits for filing such motions are jurisdictional or subject to equitable considerations. If Rosillo-Puga had equitable arguments against enforcing the statutory time limits he could have filed his motion to reopen and/or reconsider and asserted them; there would be no need for his attempted end run around the statutes by appealing to the IJ to exercise sua sponte authority to reopen or reconsider under 8 C.F.R. § 1003.23(b)(1). He waived any claim to consideration of equitable factors by his litigation strategy.[3] In the words of the Fifth Circuit: “[B]eeause [§§ ] 1229a(c)(6) and 1229a(c)(7) ... do not grant [Rosillo-Puga] the right to have his facially and concededly untimely motion heard by the [IJ], he cannot rely on those statutory provisions as a basis for contending that the [IJ] was required to give sua sponte consideration to the merits of his ... motion to reconsider or reopen.... ” Ovalles, 577 F.3d at 296.
I would have preferred to decide this issue on the narrow grounds outlined (and convincingly explained by the Fifth Circuit). It is tempting to concur in all but Part 111(A) of Judge Anderson’s excellent opinion. But doing so would leave the issue presented for our review unresolved in this circuit.[4] For that reason, I join Judge Anderson’s opinion in full.

. The post-departure bar applicable to the BIA, 8 C.F.R. § 1003.2(d), and that applicable to the IJ, 8 C.F.R. § 1003.23(b)(1), are equivalent. See Majority Op. at 1152, 1159, 1157.

. And it was filed more than three years after the Seventh Circuit decision upon which he rests his claims. See Flores v. Ashcroft, 350 F.3d 666 (7th Cir.2003); see also Ovalles, 577 F.3d at 295 (motion to reopen or reconsider filed eight months after the Supreme Court decision relied upon as basis to reopen or reconsider).

. Moreover, Rosillo-Puga expressly acknowledged the untimeliness of his motion to reopen and/or reconsider in the agency proceedings. As the IJ stated in his order denying the motion: "[Rosillo-Puga] acknowledges in his motion that he is barred from seeking a motion to reconsider or to reopen due to the time constraints of 8 C.F.R. § 1003.23(b)(1) (2007). [He] requests the Immigration Judge (“IJ”) to exercise his sua sponte authority under 8 C.F.R. § 1003.23(b)(1) to reconsider and rescind his order of removal.” (R. Vol. I at 46.) The government defended against Rosillo-Puga's motion before the agency based on its untimeliness, arguing: "The current motion is dated May 2, 2007, approximately 3)4 years after the final [removal] decision. The court is without jurisdiction to consider this motion (he was removed and it is filed outside the 30 days for motions to reconsider and 90 days for a motion to reopen). 8 C.F.R. section 1003.23.” {Id. at 55.)

. Compare Arizona v. Gant,-U.S.-, 129 S.Ct. 1710, 1725, 173 L.Ed.2d 485 (2009) (Scalia, J., concurring).